Ismael **RAMIREZ–BERMUDEZ,** Petitioner,

v.

Eric H. **HOLDER Jr., Attorney General,** Respondent.

No. 07–73538.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 24, 2010.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alexander H. Lubarsky, Esquire, San Mateo, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Sada Manickam, Esquire, OIL, Paul Fiorino, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Ismael Ramirez–Bermudez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen and review de novo constitutional claims. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Ramirez–Bermudez's second motion to reopen as time- and number-barred where he filed the motion over five years after the final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and failed to establish the due diligence required for equitable tolling, *see Iturribarria,* 321 F.3d at 897.

We lack jurisdiction to review Ramirez–Bermudez's contention that the BIA should have invoked its sua sponte authority to reopen his proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.